# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANDRE STALLWORTH,<br><br>                Petitioner,<br><br>     v.<br><br>SUPERIOR COURT OF LOS ANGELES,<br><br>                Respondent. | Case No. LA CV 16-7135 RGK (JCG)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

## I.
## INTRODUCTION

On September 22, 2016, petitioner D'Andre Stallworth ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.] However, Petitioner fails to plead any cognizable and exhausted federal habeas claim. Accordingly, and for the reasons discussed below, the Court dismisses the Petition without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A).

//

## II.
## BACKGROUND

On February 24, 2014, a jury convicted Petitioner of robbery and carrying a loaded firearm in public, with an enhancement for personal firearm use. (Pet. at 2)[1]; *People v. Stallworth*, 2015 WL 3647447, at *1 (Cal. Ct. App. June 12, 2015). Petitioner appealed the conviction to the California Court of Appeal on two grounds: (1) the trial court inadequately investigated potential juror misconduct; and (2) the trial court incorrectly sentenced the public carrying conviction as a felony, rather than a misdemeanor. *Stallworth*, 2015 WL 3647447, at *1. The Court of Appeal affirmed Petitioner's conviction, but remanded for resentencing. *Id.* at *5. On August 26, 2015, the California Supreme Court denied his petition for review. *See* http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=2114873&doc_no=S227900; *see also Porter v. Ollison*, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (taking judicial notice of state court docket and filings).

On September 22, 2016, Petitioner filed the instant Petition. [Dkt. No. 1.]

## III.
## DISCUSSION

Petitioner challenges his conviction and sentence on two grounds: (1) ineffective assistance of counsel; and (2) sentencing error, both of which fail on this record. (Pet. at 3-4.)

**A.    Ground One: Ineffective Assistance of Counsel**

As a rule, a state prisoner must exhaust state court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims to the state courts "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S.

---

[1]    For ease of reference, the Court will use the CM/ECF pagination in referring to the Petition.

364, 365 (1995) (*per curiam*) (internal quotation marks omitted). Specifically, "[a] state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court." *Royal v. Davey*, 2014 WL 3791164, at *2 (C.D. Cal. July 31, 2014). A claim is deemed to have been "fairly presented" when the petitioner has "described both the operative facts *and* the federal legal theory on which the claim is based." *Pourahmad v. Doyle*, 2010 WL 770039, at *1 (C.D. Cal. Feb. 20, 2010) (emphasis added). Importantly, Petitioner bears the burden of demonstrating that he has exhausted available state remedies. *Rollins v. Superior Court of Los Angeles*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010); *see also Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972).

Here, Petitioner did not present his ineffective assistance of counsel claim on direct appeal. (*See* Pet. at 5); *Stallworth*, 2015 WL 3647447, at *1. Nor has Petitioner filed any state-court habeas petition regarding his conviction or sentence. (*See* Pet. at 6.) Consequently, the Court finds that the claim is unexhausted, and thus subject to dismissal without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust.").

### B. Ground Two: Sentencing Error

Petitioner alleges that he "was sentenced to an unauthorized sentence." (*See* Pet. at 4.) However, he does not reference the alleged sentencing error *at all* in his Memorandum of Points and Authorities. (*See generally* Pet.)

Rule 2(c) of the Rules Governing Section 2254 Cases requires a habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c), 28 U.S.C. foll. § 2254. "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Rule 4 of the Rules Governing Section 2254 Cases (citation omitted); *see also Mayle v. Felix*, 545 U.S. 644, 655

(2005) (quoting this language when describing the rules governing pleading for Section 2254 habeas petitions as "more demanding" than the notice pleading allowed under Fed. R. Civ. P. 8); *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979) (also citing this language in describing the "specificity requirement" for pleading Section 2254 habeas claims, and stating that this requirement is not satisfied by "[b]ald assertions and conclusory allegations").

Here, Petitioner's vague and barebones allegation of an unspecified "unauthorized sentence" is simply too conclusory to state any cognizable federal habeas claim. *See Favor v. Harris*, 2015 U.S. Dist. LEXIS 106899, at *5 (C.D. Cal. Aug. 10, 2015) ("Summary dismissal is appropriate where allegations are 'vague or conclusory'") (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) ("conclusory statements are no substitute for proper allegations of fact," and "[a]llegations of fact, rather than conclusions, are required" in a state prisoner habeas petition).

Moreover, Petitioner is a state prisoner serving a sentence imposed in connection with a California conviction. (*See* Pet. at 2.) Thus, his claim is not cognizable, because federal habeas relief does not lie for errors of state law alone. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.")

### IV.
### CERTIFICATE OF APPEALABILITY

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court thus declines to issue a certificate of appealability.

# V.
# ORDER

For the foregoing reasons, **IT IS ORDERED THAT** the Petition be **SUMMARILY DISMISSED**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED THAT** a Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 29, 2017

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE